GLENN B. McCORMICK
Acting United States Attorney
District of Arizona
SERRA M. TSETHLIKAI
Assistant U.S. Attorney
CA State Bar No. 171177
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: serra.tsethlikai@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| United States of America, | CR 19-3289-TUC-SHR-MSA |
|---|---|
| Plaintiff, | PLEA AGREEMENT |
| vs. | |
| Pedro Adan Sevilla, (T/N) | |
| Defendant. | |

The United States of America and the defendant, Pedro Adan Sevilla, agree to the following disposition of this matter:

## PLEA

The defendant agrees to plead guilty to Counts One, Five and Six of the Indictment charging a violation of Title 18, United States Code, Sections 371 and 554- Conspiracy to Smuggle Goods from the United States, a felony, charging a violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(vi), Possession with Intent to Distribute Fentanyl, a felony, and charging a violation of Title 18, United States Code, Section 924(c)(1)(A), Possession of a Firearm in Furtherance and in Relation to a Drug Trafficking Crime, a felony.  The defendant agrees to forfeit all the firearms, magazines and ammunition as charged in the Indictment and agrees to forfeit $12,970 in United States currency. The balance of the Indictment will be dismissed at the time of sentencing.

## ELEMENTS OF THE CRIMES

The essential elements of **Conspiracy** are that:

First, beginning on or about June 2019 and through September 2019, there was an agreement between two or more persons to commit at least one crime as charged in the indictment;

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

Third, one of the members of the conspiracy performed at least one overt act on or before during September 2019, for the purpose of carrying out the conspiracy.

The essential elements of **Smuggling of Goods from the United States** are that:

First, the defendant knowingly received, concealed, bought, sold or in any manner facilitated the transportation, concealment, or sale of such merchandise; that is, forty (40) firearms including AK-47-style pistols (7.62x39mm caliber) and AR-15-style pistols (5.56/.223 caliber), 25,000 rounds of various caliber ammunition, 760 thirty (30)-round magazines for AK-47-style and AR-15 firearms, one (1) 75-round drum magazine for AK-47 firearm, and two (2) Glock 9 mm magazines , prior to exportation, knowing the same to be intended for exportation;

Second, the exportation was contrary to the laws regarding the exportation of munitions from the United States, in violation of Title 22, United States Code, Section 2778; Title 22, Code of Federal Regulations, Part 121.1; and Title 22, Code of Federal Regulations, Part 123.1;

Third, the defendant knew the exportation was contrary to law or regulation; and

Fourth, the defendant did something that was a substantial step toward committing the crime and that strongly corroborated the defendant's intent to commit the crime.

The essential elements of **Possession with Intent to Distribute Fentanyl** are that:

    a.   The defendant knowingly possessed fentanyl;

    b.   The defendant intended to deliver the fentanyl to another person.

As a sentencing factor, the government would be required to prove that the quantity of fentanyl imported was 400 grams or more (approximately 5,379 grams).

The essential elements of **Possession of a Firearm During and in Relation to a Drug Trafficking Crime** are that:

First, the defendant committed the crime of Possession with Intent to Distribute Fentanyl, as charged in Count Five of the indictment, a drug trafficking crime;

Second, the defendant knowingly possessed an American Tactical Imports, model:  Omni Hybrid, 5.56 cliber pistol; and

Third, the defendant possessed the firearm in furtherance of the crime of Possession with Intent to Distribute Fentanyl.

A person "possesses" a firearm if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

<div align="center">TERMS</div>

Maximum Penalties:

The defendant understands and agrees that the maximum penalty for **Conspiracy to Smuggle Goods from the United States** being pled to is $250,000.00 or a maximum

<div align="center">- 3 -</div>

term of five (5) years imprisonment, or both, and a maximum term of three (3) years supervised release.  The defendant understands that the maximum penalties for the offense of **Possession with Intent to Distribute Fentanyl** to which he is pleading are a fine of $10,000,000.00, a maximum term of life imprisonment with a mandatory minimum term of ten (10) years, or both, and a term of between five (5) years and lifetime supervised release.  The defendant understands that the maximum penalties for the offense of **Possession of a Firearm During and In Relation to a Drug Trafficking Crime** to which he is pleading are a fine of $250,000, a maximum term of lifetime imprisonment, with a minimum term of five (5) years imprisonment, or both, and a maximum term of three (3) years supervised release.  The term of imprisonment **shall run consecutive** to the term of imprisonment imposed for the drug trafficking offense, that is, Possession with Intent to Distribute Fentanyl as alleged and pled to in Count Five of the Indictment.

The defendant understands that in accordance with Title 18, United States Code, Section 3013, upon entry of judgment of conviction, there shall be assessed a $100.00 special assessment for each felony count.

$300

**Agreement Regarding Sentencing:**

    a.  Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties stipulate and agree that a sentencing range of

        **132 months (11 years) to 156 (13 years) months** of imprisonment is an appropriate and fair disposition, and is in the interest of justice.

    b.  The defendant may withdraw from the plea agreement if he receives a sentence in excess of **156** months.

    c.  The defendant agrees that the Court can consider the charges and firearms alleged in the Indictment including all relevant conduct related to the dismissed charges of the Indictment at the time of sentencing pursuant to this plea agreement.

-4-

d. The defendant understands and agrees that this plea agreement contains all the terms, conditions and stipulations regarding sentencing. If the defendant requests or if the Court authorizes any reduction of sentence, either by departure or variance, not specifically agreed to in writing by the parties, the government may withdraw from the plea agreement.

e. The government retains the unrestricted right to make any and all statements it deems appropriate to the United States Probation Office and to make factual and legal responses to any statements made by the defendant or defense counsel or to objections to the presentence report or to questions by the Court at the time of sentencing.

f. If the Court departs from the terms and conditions set forth in this plea agreement, either party may withdraw.

g. If the Court, after reviewing this plea agreement, concludes any provision is inappropriate, it may reject the plea agreement and allow the defendant an opportunity to withdraw the defendant's guilty plea, all pursuant to Rule 11(c)(5) and Rule 11(d)(2)(A), Fed. R. Crim. P.

h. This plea agreement is contingent upon all the defendants pleading guilty in this case. If any of the defendants set this case for trial, the government can withdraw from this plea agreement.

i. The defendant understands that if the defendant violates any of the conditions of the defendant's supervised release, his supervised release may be revoked. Upon such revocation, notwithstanding any other provision of this agreement, the defendant may be required to serve an additional term of imprisonment or the defendant's sentence may otherwise be altered.

j. The defendant and the government agree that this agreement does not in any manner restrict the actions of the government in any other district or bind any other United States Attorney's Office.

Drug Conviction & Immigration Consequences

The defendant understands and acknowledges that pleading guilty may result in the termination or denial of certain food stamp, social security, and other benefits for defendant and the defendant's immediate family pursuant to 21 U.S.C. §§ 862 and 862a.

The defendant recognizes that pleading guilty may have consequences with respect to his/her immigration status if the defendant is a recently naturalized United States citizen or is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Although there may be exceptions, the defendant understands that the defendant's guilty plea and conviction for this offense make it practically inevitable and a virtual certainty that the defendant will be removed or deported from the United States. The defendant agrees that he/she has discussed this eventuality with his/her attorney. The defendant nevertheless affirms that he/she wants to plead guilty regardless of any immigration consequences that this plea entails, even if the consequence is the defendant's automatic removal from the United States.

Plea Addendum

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal. Accordingly, additional agreements, if any, may not be in the public record.

Waiver of Defenses and Appeal Rights

The defendant waives any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the information or indictment, or to the petition to revoke, or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant providing the sentence is consistent with this agreement. The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title

18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)). The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his conviction or sentence in this case. If the defendant files a notice of appeal or a habeas petition, notwithstanding this agreement, defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement.

Reinstitution of Prosecution

If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the defendant for all charges as to which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings.

Disclosure of Information to U.S. Probation:

The defendant understands the government's obligation to provide all information in its file regarding defendant to the United States Probation Office.

The defendant understands and agrees to cooperate fully with the United States Probation Office in providing:

a. All criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines.

b. All financial information, i.e., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

c. All history of drug/alcohol abuse which would warrant a treatment condition

1   as part of sentencing.

2       d.   All history of mental illness or conditions which would warrant a treatment

3   condition as part of sentencing.

4                       AGREEMENT AS TO FORFEITURE

5       a.   Defendant admits that he smuggled or conspired to smuggle from the United

6            States:

| | |
|---|---|
| 5000 rounds .38 super ammo, 5000 rounds .45 ammo | $3,490.11 |
| Romarm/Cugir Mini Draco 7.62mm pistol, s/n PE-8364-2019 | $699.00 |
| Glock model G17 Gen 5 9mm caliber pistol, s/n ADCY796 | $525.00 |
| Romarm/Cugir Micro Draco 7.62mm pistol, s/n PMD-12338-19 | $787.98 |
| Romarm/Cugir Micro Draco 7.62mm pistol, s/n PMD-13074-19 | $655.00 |
| American Tactical Imports Omni Hybrid 5.56mm pistol, s/n NS203662 | $365.00 |
| Romarm/Cugir Micro Draco 7.62mm pistol, s/n PMD-12931-19 | $729.00 |
| Romarm/Cugir Draco 7.62mm rifle, s/n DB-9486-18 | $689.00 |
| Glock model 23 .40 pistol, s/n KFD427 | $466.93 |
| Romarm/Cugir Draco 7.62mm pistol, s/n DB-9688-18 | $787.98 |
| Romarm/Cugir Draco 7.62mm pistol, s/n DB-9009-18RO | $1,087.90 |

| | |
|---|---|
| Pioneer Arms Corp Hellpup 7.62mm pistol, s/n PAC1127156 | $444.00 |
| Pioneer Arms Corp Hellpup 7.62mm pistol, s/n PAC1127125 | $444.00 |
| Pioneer Arms Corp Hellpup 7.62mm pistol, s/n PAC1126385 | $444.00 |
| Romarm/Cugir Mini Draco 7.62mm pistol, s/n PE-8301-2019 | $638.25 |
| Glock 19GEN4 9mm pistol, s/n BKBH078 | $499.00 |
| Romarm/Cugir Micro Draco 7.62mm pistol, s/n PMD-13888-19 | $774.19 |
| Romarm/Cugir Micro Draco 7.62mm pistol, s/n PMD-14201-19RO | $771.76 |
| Zastava ZPAP92 7.62mm pistol, s/n Z92-000108 | $689.00 |
| Pioneer Arms Corp Hellpup 7.62mm pistol, s/n PAC1116947 | $549.00 |
| Romarm/Cugir Micro Draco 7.62mm pistol, s/n PMD-12760-19 | $699.00 |
| Romarm/Cugir Mini Draco 7.62mm pistol, s/n PE-7883-2018 | $655.00 |
| CAI Draco 7.62mm pistol, s/n RAS47107734 | $755.60 |
| Taurus G2C 9mm pistol, s/n TLT01440 | $218.15 |
| 5000 rounds Wolf 7.62, 2000 rounds .40, 8000 rounds .38 Super | $4,776.94 |
| Romarm/Cugir Draco 7.62mm pistol, s/n DF-0940-19 | $699.00 |
| Romarm/Cugir Mini Draco 7.62mm pistol, s/n PE- | $655.00 |

| | |
|---|---|
| 9092-2019 | |
| Glock GMBH model 17 9mm pistol, s/n BKUE028 | $475.00 |
| American Tactical Imports Omni Hybrid 5.56mm pistol, s/n NS215446 | $365.00 |
| Romarm/Cugir Draco 7.62mm pistol, s/n DR-1696-16 | $699.00 |
| Romarm/Cugir WASR-10UF 7.62mm rifle, s/n UF-2506-18 | $815.00 |
| Romarm/Cugir Micro Draco 7.62mm pistol, s/n PMD-13093-19 | $675.44 |
| Romarm/Cugir Micro Draco 7.62mm pistol, s/n PMD-12532-19 | $787.98 |
| Glock model G17 9mm pistol, s/n BHBT262 | $525.00 |
| Pioneer Arms Corp Hellpup 7.62mm pistol, s/n PAC1127129 | $444.00 |
| Pioneer Arms Corp Hellpup 7.62mm pistol, s/n PAC1127100 | $444.00 |
| Pioneer Arms Corp Hellpup 7.62mm pistol, s/n PAC1127095 | $444.00 |
| Pioneer Arms Corp Hellpup 7.62mm pistol, s/n PAC1126994 | $499.00 |
| Romarm/Cugir Micro Draco 7.62mm pistol, s/n PMD-13937-19 | $655.00 |
| Glock model G23 .40 cal pistol, s/n DDT924US | $350.00 |
| CAI RAS-47 7.62mm pistol, s/n RAS47106998 | $696.77 |
| Romarm/Cugir Draco 7.62mm pistol, s/n DF-0845-19 | $793.50 |

| Total | $32,663.48 |
| --- | --- |

(hereinafter "Firearms and Ammunition Not Seized") in violation of Title 18, United States Code, Section 554, which have a total value of $32,663.48.

b. The defendant further admits that the Firearms and Ammunition Not Seized represent property involved in the commission of the offense, and are therefore forfeitable pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c).

c. The defendant admits that the Firearms and Ammunition Not Seized have been transferred, sold to, or deposited with a third party, or placed beyond the jurisdiction of the court and are no longer available for forfeiture as described in Title 21, United States Code, Section 853(p)(1).

d. The defendant knowingly and voluntarily agrees to the entry of a substitute assets judgment and agrees to pay and forfeit the amount of $32,663.48 in United States currency, as a substitute asset in lieu of, and in satisfaction of, the forfeiture of the Firearms and Ammunition Not Seized, as authorized by Title 21, United States Code, Section 853(p)(2), as incorporated by Title 28, United States Code, Section 2461(c).

e. The defendant agrees to pay in full $32,663.48 in United States currency, via cashier's checks in consecutive monthly installments, made payable to the United States Marshals Service, Sandra O'Connor Courthouse, Suite 270, Attention: AFD, 401 W. Washington St., SPC-64, Phoenix, Arizona 85003-2159.

f. In the event that the defendant does not remit the cashier's checks totaling the amount of $32,663.48 in United States currency to the government, the defendant knowingly and voluntarily agrees, that pursuant to Tile 21, United States Code, Section 853(p), the United States will seek forfeiture of any other property of said defendant, up to the value of the Firearms and Ammunition Not Seized ($32,663.48 in United States currency), including but not limited to all property, both real and personal, owned by the defendant.

g. The defendant acknowledges that failure to pay on or satisfy the $32,663.48 in

- 11 -

1  United States currency judgment could allow for referral of the debt to the United States
2  Department of Treasury for the purpose of collecting debts through the Treasury Offset
3  Program. Under this program, the Department of Treasury will reduce or withhold any
4  eligible Federal payments by the amount of the debt. This "offset" process is authorized
5  by the Debt Collection Act of 1982, as amended by the Debt Collection Improvement Act
6  of 1996 and the Internal Revenue Code.

7      h.    The defendant knowingly and voluntarily agrees to consent to the entry of
8  orders of forfeiture for the Firearms and Ammunition Not Seized, or any assets that are
9  related to satisfying the $32,663.48 in United States currency, or any other assets, or seized
10  property that are related to satisfying the forfeiture, covered by this agreement. The
11  defendant waives the requirements of Federal Rules of Criminal Procedure, Rule 32.2
12  regarding notice of the forfeiture in the charging instrument, announcement of the
13  forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

14      i.    The defendant knowingly and voluntarily agrees to waive all interest in the
15  Firearms and Ammunition Not Seized or other property that may be seized, in any
16  administrative, civil or criminal judicial proceeding, whether state or federal, which may
17  be initiated.

18      j.    The defendant acknowledges that he understands that the forfeiture of assets is
19  part of the sentence that may be imposed in this case and waives any failure by the Court
20  to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the
21  time his guilty plea is accepted.

22      k.    The defendant knowingly and voluntarily agrees to waive all constitutional,
23  legal, and equitable defenses to all constitutional and statutory challenges in any manner
24  (including direct appeal, habeas corpus, any jeopardy defense or claim of double jeopardy,
25  or any other means), and knowingly and voluntarily agrees to waive any claim or defense
26  under the Eighth Amendment to the United States Constitution, including any claim of
27  excessive fine or punishment, to any forfeiture carried out in accordance with this plea
28  agreement on any grounds.

1        l.      The defendant knowingly and voluntarily agrees to hold the United States, its

2    agents and employees harmless from any claims whatsoever in connection with any seizure

3    or forfeiture of the assets, or forfeiture of any other property that is related to satisfying the

4    $32,663.48 in United States currency, covered by this agreement.

5        m.      The defendant knowingly and voluntarily agrees and understands that the

6    forfeiture of the assets carried out in accordance with this plea agreement including any

7    payment made by the defendant to satisfy the $32,663.48 in United States currency, shall

8    not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or

9    any other penalty this Court may impose upon the defendant in addition to the forfeiture.

10       n.      Defendant agrees that the forfeiture provisions of this agreement are intended

11   to, and will, survive him, notwithstanding the abatement of any underlying criminal

12   conviction after the execution of this agreement.   The forfeitability of any particular

13   property pursuant to this agreement shall be determined as if defendant had survived, and

14   that determination shall be binding on defendant's heirs, successors, and assigns until the

15   agreed forfeiture is collected in full.

16       o.      Defendant shall receive credit for payments made by the other co-defendant

17   in this case, which amount shall not exceed $32,663.48.

18   Defendant knowingly and voluntarily agrees not to pursue any filed claims, and to waive

19   all interest in the asset listed above, in any administrative, civil or criminal judicial

20   proceeding, whether state or federal, which may be initiated.

21   **$12,970 in U.S. Currency**

22       a.      In addition, Defendant, Pedro Adan Sevilla, knowingly and voluntarily agrees

23   to forfeit all right, title and interest in $12,970 in U.S. currency.

24       b.      Defendant knowingly and voluntarily agrees not to pursue any filed claims,

25   and to waive all interest in the asset listed above, in any administrative, civil or criminal

26   judicial proceeding, whether state or federal, which may be initiated.

27       c.      Defendant knowingly and voluntarily agrees to consent to the entry of orders

28   of forfeiture for the forfeitable asset and waives the requirements of Federal Rules of

-13-

1   Criminal Procedure, Rule 32.2 regarding notice of the forfeiture in the charging instrument,
2   announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the
3   judgment.

4       d.    The defendant acknowledges that he understands that the forfeiture of assets is
5   part of the sentence that may be imposed in this case and waives any failure by the Court
6   to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the
7   time his guilty plea is accepted.

8       e.    Defendant knowingly and voluntarily agrees to waive all constitutional, legal,
9   and equitable defenses to all constitutional and statutory challenges in any manner
10  (including direct appeal, habeas corpus, any jeopardy defense or claim of double jeopardy,
11  or any other means), and knowingly and voluntarily agrees to waive any claim or defense
12  under the Eighth Amendment to the United States Constitution, including any claim of
13  excessive fine or punishment, to any forfeiture carried out in accordance with this plea
14  agreement on any grounds.

15      f.    Defendant warrants that he is the owner or has an interest in the property listed
16  above, and knowingly and voluntarily agrees to hold the United States, its agents and
17  employees harmless from any claims whatsoever in connection with the seizure or
18  forfeiture of the above-listed asset covered by this agreement.

19      g.    Defendant knowingly and voluntarily agrees and understands the forfeiture
20  of the assets listed above shall not be treated as satisfaction of any assessment, fine,
21  restitution, cost of imprisonment, or any other penalty this Court may impose upon the
22  defendant in addition to the forfeiture.

23  **DEFENDANT'S APPROVAL AND ACCEPTANCE**

24      I have read each of the provisions of the entire plea agreement with the assistance
25  of counsel and understand its provisions. I have discussed the case and my constitutional
26  and other rights with my attorney. I understand that by entering my plea of guilty, I will
27  be giving up my rights to plead not guilty, to trial by jury, to confront, cross-examine, and
28  compel the attendance of witnesses, to present evidence in my defense, to remain silent

1    and refuse to be a witness against myself by asserting my privilege against self-
2    incrimination — all with the assistance of counsel -- and to be presumed innocent until
3    proven guilty beyond a reasonable doubt.

4            I agree to enter my guilty plea as indicated above on the terms and conditions set
5    forth in this agreement.

6            I have been advised by my attorney of the nature of the charges to which I am
7    entering my guilty plea. I have further been advised by my attorney of the nature and range
8    of the possible sentence.

9            My guilty plea is not the result of force, threats, assurances or promises other than
10   the promises contained in this agreement. I agree to the provisions of this agreement as a
11   voluntary act on my part, rather than at the direction of or because of the recommendation
12   of any other person, and I agree to be bound according to its provisions.

13           I fully understand that, if I am granted probation or placed on supervised release by
14   the court, the terms and conditions of such probation/supervised release are subject to
15   modification at any time. I further understand that, if I violate any of the conditions of my
16   probation/supervised release, my probation/supervised release may be revoked and upon
17   such revocation, notwithstanding any other provision of this agreement, I may be required
18   to serve an additional term of imprisonment or my sentence may otherwise be altered. I
19   agree that any Guidelines Range referred to herein or discussed with my attorney is not
20   binding on the court and is merely an estimate.

21           I agree that this written plea agreement contains all the terms and conditions of my
22   plea and that promises made by anyone (including my attorney), and specifically any
23   predictions as to the guideline range applicable, that are not contained within this written
24   plea agreement are without force and effect and are null and void. I am satisfied that my
25   defense attorney has represented me in a competent manner. I am fully capable of
26   understanding the terms and conditions of this plea agreement. I am not now on or under
27   the influence of any drug, medication, liquor, or other intoxicant or depressant, which
28

1  would impair my ability to fully understand the terms and conditions of this plea
2  agreement.

3  <center>**FACTUAL BASIS:**</center>

4  I agree that the following facts accurately describe my conduct in connection with
5  the offense to which I am pleading guilty:

7  From June through September 2009, at or near Tucson, in the District of
   Arizona and elsewhere, I, **Pedro Adan Sevilla**, agreed with **Francisco Dario**
8  **Mora** and others, to straw purchase forty (40) firearms including AK-47-
   style pistols (7.62x39mm caliber) and AR-15-style pistols (5.56/.223
9  caliber), 25,000 rounds of various caliber ammunition, 760 thirty (30)-round
10 magazines for AK-47-style and AR-15 firearms, one (1) 75-round drum
   magazine for an AK-47-style firearm and two (2) Glock 9 mm magazines
11 and to export/smuggle them from the United States into Mexico. I knew that
12 it was illegal to smuggle the firearms and munitions from the United States
   into Mexico because I saw the signs "all over the place at the Port." I submit
13 that the firearms and munitions specifically listed under Overt Acts in Count
14 One of the Indictment were the firearms and munitions that were the objects
   of the conspiracy to smuggle goods from the United States. I either
15 personally smuggled or made arrangements to smuggle the firearms and
16 munitions from the United States into Mexico. I admit that on at least five
   occasions, I and Mora transported firearms into Mexico. During that time, I
17 did not have a license to export firearms and munitions from the United
18 States.

19 For sentencing purposes, I admit that I personally purchased 21 firearms and
20 knew that **Francisco Dario Mora** purchased 19 other firearms knowing that
   we were not purchasing the firearms for our own persons but for drug cartel
21 members in Mexico. I admit that I trafficked the firearms and munitions to
   members of a Mexican drug cartel and smuggled them into Mexico. Further,
22 I admit that I recruited two other people to straw purchase firearms and paid
23 them for their purchase of the various firearms.

24 On November 13, 2019, at or near Phoenix, in the District of Arizona, I,
25 **Pedro Adan Sevilla**, did knowingly and intentionally possess fentanyl in my
   bedroom. I intended to deliver the fentanyl to another person. I admit that I
26 was holding the fentanyl until an unknown individual came to pick up the
   fentanyl from my residence. I admit the controlled substance was fentanyl
27 and I submit that I possessed 5,349 grams of fentanyl.

28 Furthermore, at the time I had the fentanyl in my bedroom, I possessed five

firearms, including a loaded American Tactical Imports, model: Omni Hybrid, 5.56 caliber pistol, an AR-15, that was in close proximity to the fentanyl in my bedroom. I admit that I purposely had the the AR-15 pistol in close proximity to the fentanyl and, if needed, I would use the AR-15 to protect the fentanyl.

Finally, I admit that I possessed $12,970 in United States currency. The currency was in my bedroom near the fentanyl and AR-15, Omni Hybrid, 5.56 caliber pistol. The $12,970 were proceeds related to the my possession with intent to distribute fentanyl.

11/21/21
_____
Date

Pedro Adan Sevilla
Defendant

### DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client, in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the sentencing guideline concept with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or by any of its representatives which are not contained in this written agreement.

I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

11/21/21
_____
Date

Richard C. Bock
Attorney for Defendant

- 17 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## UNITED STATES' APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

GLENN B. McCORMICK
Acting United States Attorney
District of Arizona

SERRA TSETHLIKAI

Digitally signed by SERRA TSETHLIKAI
Date: 2021.10.04 23:38:11 -07'00'

SERRA M. TSETHLIKAI
Assistant U.S. Attorney

- 18 -